1 | SERRATORE • AMES LLP
2 | 9595 Wilshire Blvd., Suite 201
Beverly Hills, CA 90212
3 | TEL: (310) 205-2460
FAX: (310) 205-2464
4 | STEVEN J. SERRATORE, ESQ. SB# 144252
*steve@serratoreames.com*
5 | SCOTT R. AMES, ESQ.  SB# 146093
*scott@serratoreames.com*
6 |
7 |
Attorneys for Plaintiff GEORGE MAYS
8 | and the Putative Class
9 |



10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 |

13 | GEORGE MAYS, on behalf of himself and all
others similarly situated,    ) Case No.
14 |                              )
         Plaintiff,             ) **CV 07-01500** JFW (AJWx)
15 |                              )
         v.                     )
16 |                              ) **CLASS ACTION COMPLAINT**
LG PHILIPS LCD CO., LTD.; LG PHILIPS LCD )
17 | AMERICA, INC.; SAMSUNG ELECTRONICS   )
CO. LTD.; SHARP CORPORATION; SHARP    )
18 | ELECTRONICS CORPORATION; TOSHIBA     ) **JURY TRIAL DEMANDED**
CORPORATION; TOSHIBA MATSUSHITA      )
19 | DISPLAY TECHNOLOGY CO., LTD.; HITACHI )
LTD.; HITACHI DISPLAYS, LTD.; HITACHI )
20 | AMERICA LTD.; HITACHI ELECTRONIC     )
DEVICES (USA), INC.; SANYO EPSON      )
21 | IMAGING DEVICES CORPORATION; NEC     )
CORPORATION; NEC LCD TECHNOLOGIES,    )
22 | LTD.; NEC ELECTRONICS AMERICA, INC.; )
IDT INTERNATIONAL LTD.; AU OPTRONICS; )
23 | INTERNATIONAL DISPLAY TECHNOLOGY     )
CO., LTD.; INTERNATIONAL DISPLAY      )
24 | TECHNOLOGY USA INC.; AU OPTRONICS    )
CORPORATION AMERICA; CHI MEI          )
25 | OPTOELECTRONICS; CHI MEI             )
OPTOELECTRONICS USA, INC.; CHUNGHWA   )
26 | PICTURE TUBES LTD.; and HANNSTAR     )
DISPLAY CORPORATION                   )
27 |                              )
         Defendants.            )
28 |                              )

75376.1
CLASS ACTION COMPLAINT

DOCKETED ON CM

MAR 1 4 2007

BY _____ 067

1      Plaintiff, by his attorneys, brings this civil action for damages and injunctive

2   relief on behalf of himself and all others similarly situated against the above-named

3   Defendants, and demanding a trial by jury, complain and allege as follows:

4                          **JURISDICTION AND VENUE**

5      1.      This complaint is filed under Section 16 of the Clayton Act

6   (15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act

7   (15 U.S.C. §1), to recover damages under state antitrust and consumer protection laws, and

8   to recover the costs of suit, including reasonable attorneys' fees, for the injuries that

9   Plaintiff and all others similarly situated sustained as a result of the Defendants' violations

10   of those laws.

11     2.      The Court has jurisdiction over the federal claim under 28 U.S.C.

12   §§1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C.

13   §1367 because those claims are so related to the federal claim that they form part of the

14   same case or controversy. The Court also has jurisdiction over the state law claims under

15   28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and

16   there are members of the Class who are citizens of a different state than the defendants.

17     3.      Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.

18   §1391 because defendants reside, transact business, or are found within this District, and a

19   substantial part of the events giving rise to the claims arose in this District.

20     4.      The activities of the Defendants and their co-conspirators, as

21   described herein, were within the flow of, were intended to, and did have a substantial

22   effect on the foreign and interstate commerce of the United States.

23                              **DEFINITIONS**

24     5.      As used herein, the term "TFT-LCD Products" means Thin Film

25   Transistor Liquid Crystal Display products, including such products as are used in

26   televisions, computer (both desktop and notebook) monitors, mobile phones, personal

27   digital assistants ("PDA's") and other devices.

28

75376.1                                    -1-

CLASS ACTION COMPLAINT

6. As used herein, the term "Class Period" means the time period extending from at least January 1, 1998 through at least December 31, 2005.

## THE PARTIES

**The Plaintiff**

7. Plaintiff GEORGE MAYS, a California resident, indirectly purchased TFT-LCD Panels from one or more of the Defendants during the Class Period, for end use and not for resale, and was injured as a result of Defendants' illegal conduct.

**The Defendants**

8. Defendant LG Philips LCD Co., Ltd. ("LG Philips") is a Korean entity with its principal place of business located at 20 Yoido-dong, Youngdungpo-gu, Seoul 150-721, Republic of Korea. LG Philips is a joint venture created in 1999 by Philips Electronics NV and LG LCD. LG Philips maintains offices within this District in San Jose, California. In its Form 6-K filed on December 11, 2006 with the United States Securities and Exchange Commission ("SEC"), LG Philips stated that it "is a leading manufacturer and supplier of thin-film transistor liquid crystal display (TFT-LCD) panels"; that it "manufactures TFT-LCD panels in a wide range of sizes and specifications for use in TVs, monitors, notebook PCs, and various applications"; that it "currently operates seven fabrication facilities and four back-end assembly facilities in Korea, China and Poland." (<http://www.lgphilips-lcd.com/homeContain/jsp/eng/inv/inv200_j_e.jsp>). During the Class Period, LG Philips manufactured, sold and distributed TFT-LCD Products to customers throughout the United States.

9. Defendant LG Philips LCD America, Inc. is an entity organized under the laws of California with its principal place of business located in this District at 150 East Brokaw Rd., San Jose, CA 95112. During the Class Period, LG Philips LCD America, Inc. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States.

10. Defendant Samsung Electronics Co. Ltd. ("Samsung") is a business entity organized under the laws of South Korea, with its principal place of business at

75376.1                                    -2-

CLASS ACTION COMPLAINT

1  Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea.  During the Class

2  Period, Samsung manufactured, sold and distributed TFT-LCD Products to customers

3  throughout the United States.

4            11.     Defendant Sharp Corporation is a business entity organized under the

5  laws of Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka

6  545-8522, Japan.  During the Class Period, Sharp Corporation manufactured, sold and

7  distributed TFT-LCD Products to customers throughout the United States.

8            12.     Defendant Sharp Electronics Corporation is a wholly owned and

9  controlled subsidiary of Sharp Corporation, with its principal place of business at Sharp

10  Plaza, Mahwah, New Jersey, 07430.  During the Class Period, Sharp Electronics

11  Corporation manufactured, sold and distributed TFT-LCD Products to customers

12  throughout the United States.  Sharp Corporation and Sharp Electronics Corporation are

13  referred to collectively herein as "Sharp."

14            13.     Defendant Toshiba Corporation is a business entity organized under

15  the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku,

16  Tokyo 105-8001, Japan.  During the Class Period, Toshiba Corporation manufactured, sold

17  and distributed TFT-LCD Products to customers throughout the United States.

18            14.     Defendant Toshiba Matsushita Display Technology Co., Ltd. is a

19  business entity organized under the laws of Japan with its principal place of business located

20  at Rivage Shinagawa, 1-8, Konan 4-chome, Minato-ku, Tokyo 108-0075, Japan.  Defendant

21  Toshiba Corporation states on its website the following regarding Toshiba Matsushita

22  Technology Co., Ltd.:  "[a]dvanced capabilities in LCD and organic LED displays drive

23  product development and production and enhanced sales operations with a truly worldwide

24  reach. The company is the undisputed leader in low temperature polysilicon TFT

25  technology, the preferred display for mobile devices and the underpinning technology for

26  organic LED, the next generation display-of-choice for a range of products, including thin

27  profile televisions. These leading-edge capabilities support us in providing high value added

28  displays that are light and thin, consume little power and offer excellent image quality."

75376.1                           -3-

CLASS ACTION COMPLAINT

1   (<http://www.toshiba.co.jp/worldwide/about/company/tmd.htm>).  During the Class

2   Period, Toshiba Matsushita Display Technology Co., Ltd. manufactured, sold and

3   distributed TFT-LCD Products to customers throughout the United States.

4           15.    Toshiba Corporation and Toshiba Matsushita Display Technology

5   Co., Ltd. are referred to collectively herein as "Toshiba."

6           16.    Defendant Hitachi Ltd. is a business entity organized under the laws

7   of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F

8   Chiyoda-ku,Tokyo,100-8220, Japan.  During the Class Period, Hitachi Ltd. manufactured,

9   sold and distributed TFT-LCD Products to customers throughout the United States.

10          17.    Defendant Hitachi Displays, Ltd. is a business entity organized under

11   the laws of Japan, with its principal place of business located at AKS Bldg. 5F, 6-2 Kanda

12   Neribei-cho 3,Chiyoda-ku,Tokyo,101-0022, Japan.   On its website, Hitachi Displays, Ltd.

13   states that "[w]e provide the world' s best products, quality and service to meet the needs of

14   the digital age. These include Hitachi' s proprietary Advanced-Super IPS LCDs offering

15   clear pictures from any angle; large-sized LCD modules for TVs using our original moving

16   picture technology; small-sized LCD modules for information terminal devices such as

17   cellular phones and digital cameras with low power consumption and high resolution picture

18   realized by LTPS (low-temperature poly-silicon) technology; and middle-sized colorful

19   LCD modules for amusement devices. We also produce components such as LCD drivers,

20   color filters and back-lights."  (<http://www.hitachi-displays.com/en/company/ work/

21   index.html>).  During the Class Period, Hitachi Displays, Ltd. manufactured, sold and

22   distributed TFT-LCD Products to customers throughout the United States.

23          18.    Defendant Hitachi America Ltd. is a wholly owned and controlled

24   subsidiary of defendant Hitachi Ltd.  Hitachi America Ltd. is a business entity organized

25   under the laws of New York, with its principal place of business at 50 Prospect Avenue,

26   Tarrytown, New York, 10591.  During the Class Period, Hitachi America Ltd.

27   manufactured, sold and distributed TFT-LCD Products to customers throughout the United

28   States.

75376.1           -4-

1          19.    Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned

2  and controlled subsidiary of Defendant Hitachi Ltd., and is a business entity with its

3  principal place of business located at 575 Mauldin Road Greenville, South Carolina 29607.

4  During the Class Period, Hitachi Electronic Devices (USA), Inc. manufactured, sold and

5  distributed TFT-LCD Products to customers throughout the United States.

6          20.    Defendants Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America

7  Ltd. and Hitachi Electronic Devices (USA), Inc. are referred to collectively herein as

8  "Hitachi."

9          21.    Defendant Sanyo Epson Imaging Devices Corporation ("Sanyo

10  Epson") is a "a joint venture of Seiko Epson Corporation and Sanyo Electric Co., Ltd.,

11  started operations on October 1, 2004. It combines the liquid crystal display operations of

12  Epson, Sanyo Electric, and Sanyo Group companies Tottori Sanyo Electric Co., Ltd. and

13  Sanyo LCD Engineering Co., Ltd. and mobilizes each company's special fields of

14  miniaturization, high resolution, high definition, and volume production technology."

15  (<http://www.sanyo-epson.com/e/company/outline/index.html>). Defendant Sanyo

16  Epson's principal place of business is located at World Trade Center Building 15F, 2-4-1

17  Hamamatsu-cho, Minato-ku, Tokyo Japan. During the Class Period, Sanyo Epson

18  manufactured, sold and distributed TFT-LCD Products to customers throughout the United

19  States.

20          22.    Defendant NEC Corporation is a business entity organized under the

21  laws of Japan with its principal place of business located at 7-1, Shiba 5-chome, Minato-ku,

22  Tokyo 108-8001 Japan. During the Class Period, NEC Corporation manufactured, sold and

23  distributed TFT-LCD Products to customers throughout the United States.

24          23.    Defendant NEC LCD Technologies, Ltd. is a wholly owned and

25  controlled subsidiary of Defendant NEC Corporation, and is an entity organized under the

26  laws of Japan with its principal place of business located at 1753 Shimonumabe, Nakahara-

27  Ku, Kawasaki, Kanagawa 211-8666, Japan. During the Class Period, NEC LCD

28

1  Technologies, Ltd. manufactured, sold and distributed TFT-LCD Products to customers

2  throughout the United States.

3          24.     Defendant NEC Electronics America, Inc. ("NEC") is a wholly

4  owned and controlled subsidiary of NEC Electronics Corporation, with its principal place of

5  business at 2880 Scott Boulevard, Santa Clara, California and its manufacturing plant in

6  Roseville, California.  During the Class Period, NEC manufactured, sold and distributed

7  TFT-LCD Products to customers throughout the United States.

8          25.     Defendant IDT International Ltd. is an entity organized under the

9  laws of Bermuda with its principal place of business located at Block C, 9th Floor, Kaiser

10  Estate Phase 1, 41 Man Yue Street, Hunghom, Kowloon, Hong Kong.  During the Class

11  Period, IDT International Ltd. manufactured, sold and distributed TFT-LCD Products to

12  customers throughout the United States.

13          26.     Defendant International Display Technology Co., Ltd. is an entity

14  organized under the laws of Japan with its principal place of business located at Nansei

15  Yaesu Bldg. 3F, 2-2-10 Yaesu, Chuo-Ku, Tokyo 104-0028, Japan.  Defendant International

16  Display Technology Co., Ltd. is a subsidiary of Defendant Chi Mei Optoelectronics

17  Corporation.  During the time period covered by this Complaint, Defendant International

18  Display Technology Co., Ltd. manufactured, sold, and distributed TFT-LCD Products to

19  customers throughout the United States.

20          27.     Defendant International Display Technology USA Inc. is corporation

21  with its principal place of business located at 101 Metro Drive Suite 510, San Jose,

22  California.  Defendant International Display Technology USA Inc. is a subsidiary of

23  Defendant Chi Mei Optoelectronics Corporation.  During the time period covered by this

24  Complaint, Defendant International Display Technology USA Inc. manufactured, sold, and

25  distributed TFT-LCD Products to customers throughout the United States.

26          28.     Defendant AU Optronics is Taiwan's largest manufacturer of TFT-

27  LCD Products and has its corporate headquarters at No. 1, Li-Hsin Rd. 2, Hsinchu Science

28  Park, Hsinchu 30078, Taiwan, R.O.C.  During the Class Period, AU Optronics.

CLASS ACTION COMPLAINT

1 | manufactured, sold and distributed TFT-LCD Products to customers throughout the United
2 | States.

3 |       29.      Defendant AU Optronics Corporation America ("AUOCA") is a
4 | wholly owned and controlled subsidiary of defendant  AU Optronics and has its corporate
5 | headquarters at 9720 Cypresswood Drive, Suite 241, Houston, Texas. AUOCA has a
6 | facility located in San Diego, California, During the Class Period, AUOCA manufactured,
7 | sold and distributed TFT-LCD Products to customers throughout the United States.

8 |       30.      Defendant Chi Mei Optoelectronics Corporation ("Chi Mei") is a
9 | leading manufacturer of TFT-LCD Products and has its global headquarters at No. 3,
10 | Sec. 1, Huanshi Rd., Southern Taiwan Science Park, Sinshih Township, Tainan County,
11 | 74147 Taiwan R.O.C. During the Class Period, Chi Mei manufactured, sold and distributed
12 | TFT-LCD Products to customers throughout the United States.

13 |       31.      Defendant Chi Mei Optoelectronics USA, Inc. is a wholly owned and
14 | controlled subsidiary of Chi Mei and has its corporate headquarters at 101 Metro Drive
15 | Suite 510, San Jose, California. During the Class Period, Chi Mei Optoelectronics USA,
16 | Inc. manufactured, sold and distributed TFT-LCD Products to customers throughout the
17 | United States.

18 |       32.      Defendant Chunghwa Picture Tubes Ltd. ("Chunghwa") is a leading
19 | manufacturer of TFT-LCD Products and has its global headquarters at 1127 Hopin Rd.,
20 | Padeh City, Taoyuan, Taiwan, R.O.C. During the Class Period, Chunghwa manufactured,
21 | sold and distributed TFT-LCD Products to customers throughout the United States.

22 |       33.      Defendant HannStar Display Corporation ("HannStar") is a leading
23 | manufacturer of TFT-LCD Products and has its headquarters at No. 480, Rueiguang Road,
24 | 12th Floor, Neihu Chiu, Taipei 114, Taiwan, R.O.C.  During the Class Period, HannStar
25 | manufactured, sold and distributed TFT-LCD Products to customers throughout the United
26 | States.

27
28

75376.1                              -7-

1 | **Co-Conspirators**

2 |       34.    Various others, presently unknown to Plaintiff, participated as co-

3 | conspirators with the Defendants in the violations of law alleged in this Complaint and have

4 | engaged in conduct and made statements in furtherance thereof.

5 |       35.    The acts charged in this Complaint have been done by Defendants and

6 | their co-conspirators, or were authorized, ordered or done by their respective officers,

7 | agents, employees or representatives while actively engaged in the management of each

8 | Defendant's business or affairs.

9 |       36.    Each of the Defendants named herein acted as the agent or joint

10 | venturer of or for the other Defendants with respect to the acts, violations and common

11 | course of conduct alleged herein.

12 | **CLASS ACTION ALLEGATIONS**

13 |       37.    Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and

14 | 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class

15 | ("the Class") composed of and defined as follows:

16 |
17 |       All persons and entities residing in the United States who, from January 1, 1998 through December 31, 2005, purchased TFT-LCD Products in the United States indirectly from the Defendants for their own use and not for resale. Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

22 |       38.    This action has been brought and may be properly maintained as a

23 | class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

24 | reasons:

25 |       The Class is ascertainable and there is a well-defined community of

26 | interest among the members of the Class;

27 |       Based upon the nature of the trade and commerce involved and the

28 | number of indirect purchasers of TFT-LCD Products, Plaintiff believes that the

75376.1           -8-

CLASS ACTION COMPLAINT

1    members of the Class number in the thousands, and therefore is sufficiently

2    numerous that joinder of all Class members is not practicable;

3                Plaintiff's claims are typical of the claims of the members of the Class

4    because Plaintiff indirectly purchased TFT-LCD Products from one or more of the

5    Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the

6    same common course of conduct giving rise to the claims of the members of the

7    Class and the relief sought is common to the Class;

8                The following common questions of law or fact, among others, exist

9    as to the members of the Class: whether Defendants formed and operated a

10   combination or conspiracy to fix, raise, maintain or stabilize the prices of, or

11   allocate the market for, TFT-LCD Products;

12              whether the combination or conspiracy caused TFT-LCD Products

13              prices to be higher than they would have been in the absence of

14              Defendants' conduct;

15              the operative time period of Defendants' combination or conspiracy;

16              whether Defendants' conduct caused injury to the business or property

17              of Plaintiff and the members of the Class;

18              the appropriate measure of the amount of damages suffered by the

19              Class;

20              whether Defendants' conduct violates Section 1 of the Sherman Act;

21              whether Defendants' conduct violates Sections 16720 and 17200 of

22              the California Business and Professions Code;

23              whether Defendants' conduct violates the antitrust, unfair competition,

24              and consumer protection laws of the other states as alleged below; and

25              the appropriate nature of class-wide equitable relief.

26              These and other questions of law or fact which are common to the

27   members of the Class predominate over any questions affecting only individual

28   members of the Class;

75376.1                                          -9-

CLASS ACTION COMPLAINT

1      After determination of the predominate common issues identified

2  above, if necessary or appropriate, the Class can be divided into logical and

3  manageable subclasses;

4      Plaintiff will fairly and adequately protect the interests of the Class in

5  that Plaintiff has no interests that are antagonistic to other members of the Class and

6  has retained counsel competent and experienced in the prosecution of class actions

7  and antitrust litigation to represent himself and the Class;

8      A class action is superior to other available methods for the fair and

9  efficient adjudication of this litigation since individual joinder of all damaged Class

10  members is impractical.  The damages suffered by individual Class members are

11  relatively small, given the expense and burden of individual prosecution of the

12  claims asserted in this litigation.  Thus, absent the availability of class action

13  procedures, it would not be feasible for Class members to redress the wrongs done

14  to them.  Even if the Class members could afford individual litigation, the court

15  system could not.  Further, individual litigation presents the potential for inconsistent

16  or contradictory judgments and would greatly magnify the delay and expense to all

17  parties and to the court system.  Therefore, the class action device presents far fewer

18  case management difficulties and will provide the benefits of unitary adjudication,

19  economy of scale and comprehensive supervision by a single court;

20      Defendants have acted, and refused to act, on grounds generally

21  applicable to the Class, thereby making appropriate final injunctive relief with

22  respect to the Class as a whole; and

23      In the absence of a class action, Defendants would be unjustly

24  enriched because they would be able to retain the benefits and fruits of their

25  wrongful conduct.

26      39.    The Claims in this case are also properly certifiable under the laws of

27  the State of California, and of the other individual states identified below in the Fourth and

28  Fifth Claims for Relief.

75376.1                                    -10-

CLASS ACTION COMPLAINT

1          **NATURE OF TRADE AND COMMERCE**

2          40.    Throughout the Class Period, Defendants and their co-conspirators

3    engaged in the business of marketing and selling TFT-LCD Products throughout the United

4    States.

5          41.    As Defendant LG Philips states on its website, "the thin-film

6    transistor liquid crystal display ("TFT-LCD") is a cutting-edge display, which screens

7    picture information by adjusting the amount of light permitted." (<http://www.lgphilips-

8    lcd.com/homeContain/jsp/eng/tech/tech210_j_e.jsp>). LG Philips further states that "TFT

9    is a circuit formed with semiconductor films on a thin glass substrate to control liquid

10   crystals.... This circuit plays a vital role in controlling each pixel, the basic unit of a picture

11   image. The color filter displays a color image by coating the pixel (red, green and blue) on

12   a glass substrate." *Id.*

13         42.    At the portion of its website entitled "How TFT-LCD Works"

14   Defendant LG Philips explains:

15              A pixel, the smallest unit to indicate a picture image, is formed by
               three sub-pixels consisting of red, green, and blue. The number of
16              pixels arranged in a display determines the resolution of the TFT-
               LCD. TFT is composed of the data line (image signal transfer) and
17              gate line (TFT on/off signal transfer). TFT existing in each sub-pixel
               controls the voltage difference between the TFT glass electrode and
18              the color filter glass electrode in order to adjust the molecular array of
               liquid crystals. Such a change in the molecule direction of liquid
19              crystals alters the amount of light penetrating the liquid crystal layer.
               Consequently, the TFT-LCD display shows picture image
20              information.

21   (<http://www.lgphilips-lcd.com/homeContain/jsp/eng/tech/tech210_01_j_e.jsp>)

22         43.    The company describes some of the applications for TFT-LCD

23   technology as follows:

24              TFT-LCD technology has created a wide range of computer and
               consumer products that would have not been possible with cathode-
25              ray tubes (CRT). The flat and thin attributes of LCDs makes them
               ideal for mobile or portable applications. In addition, LCDs can
26              operate at low voltage levels and dissipate with low heat exposure.
               Initially, LCDs were incorporated into notebook computers, similar in
27              size and resolution to 12-14 inch CRT monitors. Through innovation,
               TFT-LCD engineers were able to develop displays providing much
28

CLASS ACTION COMPLAINT

1    higher resolution than CRTs, in addition to producing them in larger
     sizes.

2    Today, TFT-LCDs are challenging CRT-based desktop computer
3    monitors. As a result, a wider range of mobile computing applications
     are now available. Engineers have found ways to reduce weight,
     thickness, and the frame width of notebook computer displays. New
4    TFT process technologies make it possible to deliver more pixels per
     inch and allow even portable computers to display more information
5    than the latest CRT monitor. Such technology became available just as
     DVDs became popular, so consumers can now get DVD players in
6    very thin and light packages. Currently, a similar transformation is
     occurring with next-generation cell phones and wireless networks.
7

8    (<http://www.lgphilips-lcd.com/homeContain/jsp/eng/tech/ tech210_02_j_e.jsp>).

9              44.    The market for TFT-LCD Products is huge. An October 10, 2006

10   article stated that "[m]anufacturers are expected to pump out 48.4 million LCDs for TVs

11   this year alone, up 70 percent over 2005, while flat-panel sales – most of those using LCD

12   technology – are expected to reach $US 88 billion this year and $US 100 billion in 2007,

13   according to market research company DisplaySearch."

14   (<http://www.theage.com.au/news/home-theatre/they-are-building-it-but-will-lcd-sales-

15   come/2006/10/09/1160246068541.html#>).

16             45.    The market for the manufacture and sale of TFT-LCD Products is

17   also conducive to the type of collusive activity alleged here. That market is oligopolistic in

18   nature. According to data from iSuppli, in 2005, LG Philips had 21.4% of the large TFT-

19   LCD panel global market share, Samsung had 20.9%, AU Optronics had 14.5%, Chi Mei

20   had 11.8%, and Chunghwa had 7.3%, while the remaining suppliers controlled 24.1%.

21   (<http://www.eetimes.com/showArticle.jhtml?articleID=177101936>). Samsung took

22   over the leading position in the industry in 2006. (<http://biz.yahoo.com/rb/061211/

23   lgphilips_investigation.html?.v=2 >).

24             46.    Some of these companies are known antitrust violators. Samsung, for

25   example, was fined $300 million by the United States Department of Justice ("DOJ") in

26   October of 2005 for participating in a conspiracy to fix prices for Dynamic Random Access

27   Memory. It is also under investigation by the DOJ (along with some of the other

28   Defendants) for fixing prices of Static Random Access Memory.

75376.1                                    -12-
CLASS ACTION COMPLAINT

1    47.    The industry is also marked by a web of cross-licensing agreements

2  that facilitate collusion. AU Optronics, for example, entered into licensing arrangements

3  with sharp in 2005 and Samsung in 2006. Chi Mei has licensing arrangements with Sharp,

4  AU Optronics, Chunghwa, HannStar and Hitachi.

5    48.    The market for the manufacture and sale of TFT-LCD Products is

6  subject to high manufacturing and technological barriers to entry, some of which are

7  described in Samsung's own November 3, 2005 "Market Perspective & Strategy"

8  presentation available at its website.

9  (<http://www.samsung.com/AboutSAMSUNG/ELECTRONICSGLOBAL/InvestorRelatio

10  ns/IREventsPresentations/AnalystDay/index.htm >). Efficient fabrication plants are large

11  and costly. TFT-LCD Products are also subject to technological advances, so that firms

12  within the industry must undertake significant research and development expenses.

13    49.    The TFT-LCD Products industry has also been subject to significant

14  consolidation during the Class Period, as reflected in AU Optronics' recent acquisition of

15  Quanta Display, the creation in 2001 of AU Optronics itself through the merger of Acer

16  Display and Unipac Optoelectronics, or Fujitsu Limited's transfer of its LCD business to

17  Sharp in 2005.

18    50.    Defendants sell their TFT-LCD Products through various channels

19  including to manufacturers of electronic products and devices, and to resellers of TFT-LCD

20  Products. These electronic products and devices and TFT-LCD Products are then sold,

21  directly or indirectly, to consumers and are not altered during the course of sale.

22    51.    California is the largest market in the world for TFT-LCD Products

23  and is the worldwide center of the PC industry and other industries that depend upon the

24  TFT-LCD Products market. Statements concerning the prices and market conditions for

25  TFT-LCD Products were disseminated by Defendants from and into California on a regular

26  and continuous basis.

27

28

1                             **DEFENDANTS' ILLEGAL CONDUCT**

2           52.    Defendants and their co-conspirators have engaged in a contract,

3 combination, trust or conspiracy, the effect of which was to raise the prices at which they

4 sold TFT-LCD Products to artificially inflated levels from at least January 1, 1998 through

5 at least December 31, 2005.

6          53.    Very recently, antitrust enforcement authorities in multiple countries

7 have begun investigating this unlawful cartel. On December 11, 2006, Defendant LG

8 Philips, in its Form 6-K filed with the SEC, stated the following:

9
10
11
12         Last Friday, as part of an investigation of possible anticompetitive conduct in the LCD industry, officials from the Korean Fair Trade Commission (KFTC) visited the offices of LG.Philps LCD in Seoul Korea. In addition, the Japanese Fair Trade Commission (JFTC) issued a notice to our offices, in Tokyo, Japan and then United States Department of Justice (DOJ) issued a subpoena to our offices in San Jose, California.

13 (< http://www.lgphilips-lcd.com/homeContain/jsp/eng/inv/inv200_j_e.jsp >).

14          54.    On December 11, 2006, the Reuters news agency reported the

15 following:

16
17
18         Samsung Electronics Co. Ltd. (005930.KS) is being investigated by fair trade watchdogs in South Korea, Japan and the United States, the second Korean flat screen maker named in a probe into possible price-fixing, a news agency report said on Tuesday.

19
20
21         The report, from South Korea's Yonhap news agency, follows a disclosure by LG.Philips LCD Co. Ltd. (034220.KS) on Monday that it was the target of an investigation by the Korean Fair Trade Commission (KFTC), the Japanese Fair Trade Commission (JFTC) and had received a subpoena from the U.S. Department of Justice ...

22
23         Yonhap cited unnamed regulatory and industry sources in reporting local antitrust authorities were also looking into possible collusion by Samsung and LG.Philips to fix the prices of LCD products and control their supply ...

24
25         Late on Monday, a KFTC spokesman said the probe was being conducted by the Cartel Investigation Group.

26 (< http://business.scotsman.com/latest.cfm?id=1843512006 >).

27          55.    On December 12, 2006, other companies, including AU Optronics,

28 Sharp, Sanyo Epson, indicated they were under investigation.

75376.1                     -14-

CLASS ACTION COMPLAINT

1    56.    According to one report, " '[t]he subject of the probe is price fixing,'
2  Akinori Yamada, a director of management and planning at Japan's Fair Trade
3  Commission, said in Tokyo today. He said LG.Philips and Samsung were being questioned,
4  although he declined to name or give the number of the other companies being investigated.
5  In Washington, U.S. Justice Department spokeswoman Gina Talamona said the agency 'is
6  investigating the possibility of anticompetitive practices'' and is cooperating with foreign
7  authorities."

8  (<http://www.bloomberg.com/apps/news?pid=20601080&sid=aSF7WY69eUPg&refer=a
9  sia>). Another report indicated that "Min Chun Hong, an analyst at Goodmorning Shinhan
10  Securities, said that if the companies [Samsung and LG Philips] were convicted, penalties
11  could amount to about 200 billion won, or $216 million, each." (<http://www.iht.com/
12  articles/2006/12/12/business/flat.php>).

13    57.    Michael Min, an analyst at Korea Investment and Securities, has been
14  quoted as saying that the investigation may be focused on a period over the last several
15  years when manufacturers of TFT-LCD Products were charging comparable prices.
16  (<http://www.washingtonpost.com/wp-dyn/content/article/2006/12/12/
17  AR2006121200260.html>).

18    58.    There are also other indications that defendants have engaged in
19  collusive activity. A "Crystal Cycle" is an industry term that refers to shortages in the
20  supply-and-demand cycle for LCD displays. A recent article in *Infoworld* (available at <
21  http://www.infoworld.com/article/06/06/13/79145_25OPreality_1.html>) cited Chris
22  Connery, an industry analyst at DisplaySearch, as follows: "[a]ccording to Connery, the
23  talk in the industry is that the manufacturers are looking to create an artificial Crystal Cycle.
24  At a recent conference in Taiwan, a leading producer of LCD glass stated publicly that the
25  industry should collectively look at cutting back on production from 100 percent to at least
26  85 percent. Otherwise, if supply outpaces demand, manufacturers will be forced to cut
27  prices. ... Will the mother-glass manufacturers actually create this artificial shortage? 'The
28

1 | chatter is growing louder each day,' Connery says." A subsequent *Infoworld* article

2 | (<http://www.infoworld.com/article/06/06/12/79223_HNphilipscutslcd_1.html>)

3 | noted that the unnamed Taiwanese executive came from AU Optronics.

4 |          59.     Similarly, Samsung's presentation described above noted that "it was

5 | possible to secure a reasonable amount of profit while following the industry leaders"

6 | during the Class Period.

7 |          60.     Defendants, through their officers, directors and employees,

8 | effectuated the aforesaid contract, combination, trust or conspiracy between themselves and

9 | their co-conspirators by, among other things:

10 |          participating in meetings and conversations, including through various

11 | trade associations and committees, to discuss the prices of TFT-LCD Products in the

12 | United States;

13 |          agreeing, during those meetings and conversations, to charge prices at

14 | specified levels and otherwise to increase and maintain prices of TFT-LCD Products

15 | sold in the United States;

16 |          issuing price announcements and quotations in accordance with the

17 | agreements reached; and

18 |          selling TFT-LCD Products to various customers in the United States

19 | at non-competitive prices.

20 |          61.     Defendants' contract, combination, trust or conspiracy was centered

21 | in, carried out, effectuated and perfected mainly in the State of California. Therefore, all

22 | members of the Class, whether or not California residents, are entitled to recover under

23 | California law, as well as the laws of their own states.

24 | **ACTIVE CONCEALMENT**

25 |          62.     Throughout and beyond the conspiracy, Defendants and their co-

26 | conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff.

27 | Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly

28 | within the confines of their higher-level executives. Defendants and their co-conspirators

1  publicly provided pretextual and false justifications regarding their price increases.

2  Defendants and their co-conspirators conducted their conspiracy in secret, concealed the

3  true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed

4  their activities through various other means and methods to avoid detection. Plaintiff did

5  not discover, and could not have discovered through the exercise of reasonable diligence,

6  that Defendants and their co-conspirators were violating the antitrust laws as alleged herein

7  until shortly before this class action litigation was commenced.

8          63.     As a result of the active concealment of the conspiracy by Defendants

9  and their co-conspirators, any and all applicable statutes of limitations otherwise applicable

10  to the allegations herein have been tolled.

11                      **VIOLATIONS ALLEGED**

12                       **First Claim for Relief**

13               **(Violation of Section 1 of the Sherman Act)**

14          64.     Plaintiff incorporates and realleges, as though fully set forth herein,

15  each and every allegation set forth in the preceding paragraphs of this Complaint.

16          65.     Beginning at a time presently unknown to Plaintiff, but at least as

17  early as January 1, 1998 and continuing through December 31, 2005, the exact dates being

18  unknown to Plaintiff, Defendants and their co-conspirators entered into a continuing

19  agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix,

20  maintain, and/or stabilize prices for TFT-LCD Products in the United States, in violation of

21  Section 1 of the Sherman Act (15 U.S.C. §1).

22          66.     In formulating and carrying out the alleged agreement, understanding,

23  and conspiracy, the Defendants and their co-conspirators did those things that they

24  combined and conspired to do, including but not limited to the acts, practices, and course of

25  conduct set forth above, and the following, among others:

26                      To fix, raise, maintain and stabilize the price of TFT-LCD Products;

27                      To allocate markets for TFT-LCD Products among themselves;

28

75376.1                              -17-
CLASS ACTION COMPLAINT

1    To submit rigged bids for the award and performance of certain TFT-

2    LCD Products contracts; and

3    To allocate among themselves and collusively reduce the production

4    of TFT-LCD Products.

5    The combination and conspiracy alleged herein has had the following

6    effects, among others:

7    Price competition in the sale of TFT-LCD Products has been

8    restrained, suppressed, and/or eliminated in the United States;

9    Prices for TFT-LCD Products sold by Defendants and their co-

10    conspirators have been fixed, raised, maintained and stabilized at artificially high,

11    non-competitive levels throughout the United States; and

12    Those who purchased TFT-LCD Products directly or indirectly from

13    Defendants and their co-conspirators have been deprived of the benefits of free and

14    open competition.

15    67.    Plaintiff has been injured and will continue to be injured in its

16    business and property by paying more for TFT-LCD Products purchased indirectly from the

17    Defendants and their co-conspirators than he would have paid and will pay in the absence of

18    the combination and conspiracy, including paying more for personal computers and other

19    products in which TFT-LCD Products is a component as a result of higher prices paid for

20    TFT-LCD Products by the manufacturers of those products.

21    68.    Plaintiff and the class are entitled to an injunction against Defendants,

22    preventing and restraining the violations alleged herein.

23    **Second Claim for Relief**

24    **(Violation of the California Cartwright Act)**

25    69.    Plaintiff incorporates and realleges, as though fully set forth herein,

26    each and every allegation set forth in the preceding paragraphs of this Complaint.

27    70.    Defendants' contract, combination, trust or conspiracy was centered

28    in, carried out, effectuated and perfected mainly within the State of California, and

75376.1                                                    -18-

CLASS ACTION COMPLAINT

1  Defendant's conduct within California injured all members of the Class throughout the

2  United States. Therefore, this claim for relief under California law is brought on behalf of

3  all members of the Class, whether or not they are California residents.

4      71.    Beginning at a time presently unknown to Plaintiff, but at least as

5  early as January 1, 1998, and continuing thereafter at least up to December 31, 2005,

6  Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust

7  in restraint of the trade and commerce described above in violation of Section 16720,

8  California Business and Professional Code. Defendants, and each of them, have acted in

9  violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate

10  markets for, TFT-LCD Products at supra-competitive levels.

11      72.    The aforesaid violations of Section 16720, California Business and

12  Professions Code, consisted, without limitation, of a continuing unlawful trust and concert

13  of action among the Defendants and their co-conspirators, the substantial terms of which

14  were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, TFT-

15  LCD Products.

16      73.    For the purpose of forming and effectuating the unlawful trust, the

17  Defendants and their co-conspirators have done those things which they combined and

18  conspired to do, including but in no way limited to the acts, practices and course of conduct

19  set forth above and the following:

20          to fix, raise, maintain and stabilize the price of TFT-LCD Products;

21          to allocate markets for TFT-LCD Products amongst themselves;

22          to submit rigged bids for the award and performance of certain TFT-

23      LCD Products contracts; and

24          to allocate amongst themselves the production of TFT-LCD Products.

25      74.    The combination and conspiracy alleged herein has had, inter alia, the

26  following effects:

27

28

75376.1                                    -19-
CLASS ACTION COMPLAINT

1    price competition in the sale of TFT-LCD Products has been

2    restrained, suppressed and/or eliminated in the State of California and throughout the

3    United States;

4    prices for TFT-LCD Products sold by Defendants and their co-

5    conspirators have been fixed, raised, maintained and stabilized at artificially high,

6    non-competitive levels in the State of California and throughout the United States;

7    and

8    those who purchased TFT-LCD Products from Defendants and their

9    co-conspirators have been deprived of the benefit of free and open competition.

10    75.    Plaintiff and the other members of the Class paid supra-competitive,

11    artificially inflated prices for TFT-LCD Products.

12    76.    As a direct and proximate result of Defendants' unlawful conduct,

13    Plaintiff and the members of the Class have been injured in their business and property in

14    that they paid more for TFT-LCD Products than they otherwise would have paid in the

15    absence of Defendants' unlawful conduct. As a result of Defendants' violation of Section

16    16720 of the California Business and Professions Code, Plaintiff seeks treble damages and

17    the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the

18    California Business and Professions Code.

19                        **Third Claim for Relief**

20            **(Violation of the California Unfair Competition Law)**

21    77.    Plaintiff incorporates and realleges, as though fully set forth herein,

22    each and every allegation set forth in the preceding paragraphs of this Complaint.

23    78.    Defendants' business acts and practices were centered in, carried out,

24    effectuated and perfected mainly within the State of California, and Defendant's conduct

25    within California injured all members of the Class throughout the United States.  Therefore,

26    this claim for relief under California law is brought on behalf of all members of the Class,

27    whether or not they are California residents.

28

CLASS ACTION COMPLAINT

1    79.    Beginning on a date unknown to Plaintiff, but at least as early as

2  January 1, 2002, and continuing thereafter at least up through December 31, 2005,

3  Defendants committed and continue to commit acts of unfair competition, as defined by

4  Sections 17200, et seq. of the California Business and Professions Code, by engaging in the

5  acts and practices specified above.

6    80.    This Claim is instituted pursuant to Sections 17203 and 17204 of the

7  California Business and Professions Code, to obtain restitution from these Defendants for

8  acts, as alleged herein, that violated Section 17200 of the California Business and

9  Professions Code, commonly known as the Unfair Competition Law.

10    81.    The Defendants' conduct as alleged herein violated Section 17200.

11  The acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as

12  alleged herein, constituted a common continuous and continuing course of conduct of unfair

13  competition by means of unfair, unlawful and/or fraudulent business acts or practices within

14  the meaning of California Business and Professions Code, Section 17200, et seq., including,

15  but not limited to, the following:

16        The violations of Section 1 of the Sherman Act, as set forth above;

17        The violations of Section 16720, et seq., of the California Business

18      and Professions Code, set above;

19        Defendants' acts, omissions, misrepresentations, practices and non-

20      disclosures, as described above, whether or not in violation of Section 16720, et seq.

21      of the California Business and Professions Code, and whether or not concerted or

22      independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

23        Defendants' act and practices are unfair to consumers of TFT-LCD

24      Products in the State of California and throughout the United States, within the

25      meaning of Section 17200, California Business and Professions Code; and

26        Defendants' acts and practices are fraudulent or deceptive within the

27      meaning of Section 17200 of the California Business and Professions Code.

28

75376.1                         -21-

CLASS ACTION COMPLAINT

1    82.    Plaintiff and each of the Class members are entitled to full restitution

2  and/or disgorgement of all revenues, earnings, profits, compensation and benefits which

3  may have been obtained by Defendants as a result of such business acts or practices.

4    83.    The illegal conduct alleged herein is continuing and there is no

5  indication that Defendants will not continue such activity into the future.

6    84.    The unlawful and unfair business practices of Defendants, and each of

7  them, as described above, have caused and continue to cause Plaintiff and the members of

8  the Class to pay supra-competitive and artificially-inflated prices for TFT-LCD Products.

9  Plaintiff and the members of the class suffered injury in fact and lost money or property as a

10  result of such unfair competition.

11    85.    The conduct of Defendants as alleged in this Complaint violates

12  Section 17200 of the California Business and Professions Code.

13    86.    As alleged in this Complaint, Defendants and their co-conspirators

14  have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair

15  competition.  Plaintiff and the members of the Class are accordingly entitled to equitable

16  relief including restitution and/or disgorgement of all revenues, earnings, profits,

17  compensation and benefits which may have been obtained by Defendants as a result of such

18  business practices, pursuant to the California Business and Professions Code, Sections

19  17203 and 17204.

20                          **Fourth Claim for Relief**

21              **(Violation of State Antitrust and Unfair Competition Laws)**

22    87.    Plaintiff incorporates and realleges, as though fully set forth herein,

23  each and every allegation set forth in the preceding paragraphs of this Complaint.

24    88.    By reason of the foregoing, defendants have entered into agreements

25  in restraint of trade in violation of Alabama Code §§8-10-1 et seq.

26    89.    By reason of the foregoing, defendants have entered into agreements

27  in restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

28

90. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal. Bus. & Prof. Code §§17200 et seq.

91. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

92. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Iowa Code §§553.1 et seq.

93. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

94. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

95. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

96. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

97. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

98. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

99. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

100. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

101. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

102. By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

1          103.    By reason of the foregoing, defendants have entered into agreements

2    in restraint of trade in violation of the Pennsylvania common law.

3          104.    By reason of the foregoing, defendants have entered into agreements

4    in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

5          105.    By reason of the foregoing, defendants have entered into agreements

6    in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

7          106.    By reason of the foregoing, defendants have entered into agreements

8    in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

9          107.    By reason of the foregoing, defendants have entered into agreements

10   in restraint of trade in violation of West Virginia §§47-18-1 et seq.

11         108.    By reason of the foregoing, defendants have entered into agreements

12   in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

13         109.    Class Members in each of the states listed above paid supra-

14   competitive, artificially inflated prices for TFT-LCD Products.  As a direct and proximate

15   result of Defendants' unlawful conduct, such members of the Class have been injured in

16   their business and property in that they paid more for TFT-LCD Products than they

17   otherwise would have paid in the absence of Defendants' unlawful conduct.

18                          **Fifth Claim for Relief**

19    **(Violation of State Consumer Protection and Unfair Competition Laws)**

20         110.    Plaintiff incorporate and reallege, as though fully set forth herein,

21   each and every allegation set forth in the preceding paragraphs of this Complaint.

22         111.    Defendants engaged in unfair competition or unfair, unconscionable,

23   deceptive or fraudulent acts or practices in violation of the state consumer protection and

24   unfair competition statutes listed below.

25         112.    Defendants have engaged in unfair competition or unfair or deceptive

26   acts or practices in violation of Alaska Stat. §§45.50.471 et seq.

27         113.    Defendants have engaged in unfair competition or unfair or deceptive

28   acts or practices in violation of Arkansas Code §4-88-101 et seq.

75376.1                              -24-

CLASS ACTION COMPLAINT

1        114.    Defendants have engaged in unfair competition or unfair or deceptive

2    acts or practices in violation of California Bus. & Prof. Code §17200 et seq.

3        115.    Defendants have engaged in unfair competition or unfair or deceptive

4    acts or practices in violation of District of Columbia Code §28-3901 et seq.

5        116.    Defendants have engaged in unfair competition or unfair or deceptive

6    acts or practices in violation of Florida Stat. §501.201 et seq.

7        117.    Defendants have engaged in unfair competition or unfair or deceptive

8    acts or practices in violation of Hawaii Rev. Stat. §480 et seq.

9        118.    Defendants have engaged in unfair competition or unfair or deceptive

10   acts or practices in violation of Idaho Code §48-601 et seq.

11       119.    Defendants have engaged in unfair competition or unfair or deceptive

12   acts or practices in violation of Kansas Stat. §50-623 et seq.

13       120.    Defendants have engaged in unfair competition or unfair or deceptive

14   acts or practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

15       121.    Defendants have engaged in unfair competition or unfair or deceptive

16   acts or practices in violation of 5 Maine Rev. Stat. §207 et seq.

17       122.    Defendants have engaged in unfair competition or unfair or deceptive

18   acts or practices in violation of Montana Code §30-14-101 et seq.

19       123.    Defendants have engaged in unfair competition or unfair or deceptive

20   acts or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

21       124.    Defendants have engaged in unfair competition or unfair or deceptive

22   acts or practices in violation of New Mexico Stat. §57-12-1 et seq.

23       125.    Defendants have engaged in unfair competition or unfair or deceptive

24   acts or practices in violation of New York Gen. Bus. Law §349 et seq.

25       126.    Defendants have engaged in unfair competition or unfair or deceptive

26   acts or practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

27       127.    Defendants have engaged in unfair competition or unfair or deceptive

28   acts or practices in violation of Oregon Rev. Stat. §646.605 et seq.

CLASS ACTION COMPLAINT

1       128.    Defendants have engaged in unfair competition or unfair or deceptive

2  acts or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

3       129.    Defendants have engaged in unfair competition or unfair or deceptive

4  acts or practices in violation of South Carolina Code Laws §39-5-10 et seq.

5       130.    Defendants have engaged in unfair competition or unfair or deceptive

6  acts or practices in violation of Utah Code §13-11-1 et seq.

7       131.    Defendants have engaged in unfair competition or unfair or deceptive

8  acts or practices in violation of 9 Vermont §2451 et seq.

9       132.    Defendants have engaged in unfair competition or unfair or deceptive

10  acts or practices in violation of West Virginia Code §46A-6-101 et seq.

11       133.    Defendants have engaged in unfair competition or unfair or deceptive

12  acts or practices in violation of Wyoming Stat. §40-12-105.

13       134.    Class Members in the states listed above paid supra-competitive,

14  artificially inflated prices for TFT-LCD Products.  As a direct and proximate result of

15  Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in

16  their business and property in that they paid more for TFT-LCD Products than they

17  otherwise would have paid in the absence of Defendants' unlawful conduct.

18  **Sixth Claim for Relief**

19  **(Unjust Enrichment and Disgorgement of Profits)**

20       135.    Plaintiff incorporates and realleges, as though fully set forth herein,

21  each and every allegation set forth in the preceding paragraphs of this Complaint.

22       136.    Defendants have been unjustly enriched through overpayments by

23  Plaintiff and Class members and the resulting profits.

24       137.    Under common law principles of unjust enrichment, Defendants

25  should not be permitted to retain the benefits conferred via overpayments by Plaintiff and

26  Class members.

27

28

1    138.    Plaintiff seek disgorgement of all profits resulting from such

2  overpayments and establishment of a constructive trust from which Plaintiff and Class

3  members may seek restitution.

4                          **PRAYER FOR RELIEF**

5            WHEREFORE, Plaintiff prays:

6            1.    That the Court determine that the Sherman Act, state antitrust law,

7  and  state consumer protection and/or unfair competition law claims alleged herein may be

8  maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of

9  Civil Procedure;

10           2.    That the unlawful conduct, contract, conspiracy or combination

11  alleged herein be adjudged and decreed to be:

12           a.    A restraint of trade or commerce in violation of Section 1 of the

13           Sherman Act, as alleged in the First Claim for Relief;

14           b.    An unlawful combination, trust, agreement, understanding, and/or

15           concert of action in violation of the state antitrust laws identified in the Second and

16           Fourth Claims for Relief herein;

17           c.    Violations of the state consumer protection and unfair competition

18           laws identified in the Third and Fifth Claims for Relief herein; and

19           d.    Acts of unjust enrichment as set forth in the Sixth Claim for Relief

20           herein.

21           3.    That Plaintiff and the Class recover damages, as provided by federal

22  and state antitrust laws, and that a joint and several judgment in favor of Plaintiff and the

23  Class be entered against the Defendants in an amount to be trebled in accordance with such

24  laws;

25           4.    That Defendants, their affiliates, successors, transferees, assignees,

26  and the officers, directors, partners, agents, and employees thereof, and all other persons

27  acting or claiming to act on their behalf, be permanently enjoined and restrained from in

28  any manner:  (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or

1  combination alleged herein, or from entering into any other conspiracy alleged herein, or

2  from entering into any other contract, conspiracy or combination having a similar purpose

3  or effect, and from adopting or following any practice, plan, program, or device having a

4  similar purpose or effect; and (2) communicating or causing to be communicated to any

5  other person engaged in the sale of TFT-LCD Products, information concerning bids of

6  competitors;

7          5.      That Plaintiff be awarded restitution, including disgorgement of

8  profits obtained by Defendants as a result of their acts of unfair competition and acts of

9  unjust enrichment;

10         6.      That Plaintiff and members of the Class be awarded pre- and post-

11  judgment interest, and that that interest be awarded at the highest legal rate from and after

12  the date of service of the initial complaint in this action;

13         7.      That Plaintiff and members of the Class recover their costs of this

14  suit, including reasonable attorneys' fees as provided by law; and

15         8.      That Plaintiff and members of the Class have such other, further, and

16  different relief as the case may require and the Court may deem just and proper under the

17  circumstances.

18  Dated:  March 5, 2007                    Respectfully submitted,

19

20
                                    By:
21                                         Steven J. Serratore, Esq. Cal. SB# 144252
22                                         *steve@serratoreames.com*
                                           Scott R.  Ames, Esq.  Cal. SB# 146093
23                                         *scott@serratoreames.com*
                                           SERRATORE • AMES LLP
24                                         9595 Wilshire Blvd., Suite 201
                                           Beverly Hills, CA 90212
25                                         TEL: (310) 205-2460
26                                         FAX: (310) 205-2464

27

28

1

## JURY TRIAL DEMAND

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3   demands a trial by jury for all issues so triable.

4

5   Dated:  March 5, 2007                    Respectfully submitted,

6

7
                                     By: _____
8                                        Steven J. Serratore, Esq. Cal. SB# 144252
                                         *steve@serratoreames.com*
9                                        Scott R.  Ames, Esq.  Cal. SB# 146093
                                         *scott@serratoreames.com*
10                                       SERRATORE • AMES LLP
                                         9595 Wilshire Blvd., Suite 201
11                                       Beverly Hills, CA 90212
                                         TEL: (310) 205-2460
12                                       FAX: (310) 205-2464

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

75376.1                                    -29-
CLASS ACTION COMPLAINT

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

*ON Behalf of himself*

GEORGE MAYS and ~~the Putative Class~~
all others similarly
situated

v.
PLAINTIFF(S)

LG PHILIPS LCD CO., LTD.; LG PHILLIPS
AMERICA, INC.; SAMSUNG ELECTONICS CO.
LTD.; SHARP CORPORATION; SHARP
ELECTRONICS CORPORATION; TOSHIBA
DEFENDANT(S).

*See attached*

CASE NUMBER

**CV 07-01500**
JFW (AJWX)

**SUMMONS**

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
SERRATORE AMES LLP _____, whose address is:

9595 Wilshire Blvd., Suite 201
Beverly Hills CA 90212

an answer to the ☒ complaint ☐_____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

**MELONI WARREN**

Dated:    **- 7 MAR 2007**

By: _____
Deputy Clerk

*(Seal of the Court)*

DOCKETED ON CM

MAR 1 4 2007

BY : _____  067

1  SERRATORE • AMES LLP
2  9595 Wilshire Blvd., Suite 201
   Beverly Hills, CA 90212
3  TEL: (310) 205-2460
   FAX: (310) 205-2464
4  STEVEN J. SERRATORE, ESQ. SB# 144252
5  *steve@serratoreames.com*
   SCOTT R.  AMES, ESQ.  SB# 146093
6  *scott@serratoreames.com*

7
   Attorneys for Plaintiff GEORGE MAYS
8  and the Putative Class

9
10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  GEORGE MAYS, on behalf of himself and all      )
    others similarly situated,                     )   Case No.
14                                                  )
                       Plaintiff,                   )
15                                                  )
           v.                                       )
16                                                  )   **CLASS ACTION COMPLAINT**
    LG PHILIPS LCD CO., LTD.; LG PHILIPS LCD        )
17  AMERICA, INC.; SAMSUNG ELECTRONICS             )
    CO. LTD.; SHARP CORPORATION; SHARP             )
18  ELECTRONICS CORPORATION; TOSHIBA               )   **JURY TRIAL DEMANDED**
    CORPORATION; TOSHIBA MATSUSHITA                )
19  DISPLAY TECHNOLOGY CO., LTD.; HITACHI          )
    LTD.; HITACHI DISPLAYS, LTD.; HITACHI          )
20  AMERICA LTD.; HITACHI ELECTRONIC               )
    DEVICES (USA), INC.; SANYO EPSON               )
21  IMAGING DEVICES CORPORATION; NEC               )
    CORPORATION; NEC LCD TECHNOLOGIES,             )
22  LTD.; NEC ELECTRONICS AMERICA, INC.;           )
    IDT INTERNATIONAL LTD.; AU OPTRONICS;          )
23  INTERNATIONAL DISPLAY TECHNOLOGY               )
    CO., LTD.; INTERNATIONAL DISPLAY               )
24  TECHNOLOGY USA INC.; AU OPTRONICS              )
    CORPORATION AMERICA; CHI MEI                   )
25  OPTOELECTRONICS; CHI MEI                       )
    OPTOELECTRONICS USA, INC.; CHUNGHWA            )
26  PICTURE TUBES LTD.; and HANNSTAR               )
    DISPLAY CORPORATION                            )
27                                                  )
                       Defendants.                  )
28                                                  )

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
George Mays

**DEFENDANTS**
LG Philips Co., Ltd.; LG Philips LCD America, Inc.; Samsung Electronics Co. Ltd.; sharp Corporation; Sharp Electronics Corporation; Toshiba Corporation; Toshiba Matsushita Display *see attached*

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Seoul, Korea

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Serratore Ames LLP
9595 Wilshire Blvd. Ste. 201
Beverly Hills, CA 90212
(310) 205-2460

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This complaint is filed under Section 16 of the Clayton Act (15 U.S.C. 26) to obtain injunctive relief for violations under Section 1 of the Sherman Act (15 U.S.C. 1) and to recover damages under state antitrust and consumer protection laws.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☑ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:   **CV07-01500**

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

#### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case?  No  Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Central district of California

  LOS Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
  San Jose, California; Mahwah, New Jersey; Tarrytown, New York; Greenville, South Carolina; Santa Clara, California; Houston, Texas.

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
  Central District of California

  LOS Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____     Date __3/6/07__

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |